UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARA A. GAVIGAN,<br><br>    Plaintiff,<br><br>v.<br><br>MILDORD REGIONAL MEDICAL CENTER, et al.<br><br>    Defendants. | CIVIL ACTION<br>NO. 24-40166-MRG |

**MEMORANDUM AND ORDER**
May 9, 2025

**GUZMAN, D.J.**

Plaintiff Tara Gavigan, who resides in Mendon, Massachusetts, brings this action against the Milford Regional Medical Center ("MRMC"), the ("MPD"), the Milford District Courthouse, the Western Regional Women's Correctional Facility ("WCC"),[1] and the Uxbridge Courthouse under 42 U.S.C. § 1983 ("§ 1983"), 18 U.S.C. § 141, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). ECF No. 1. She has also filed a motion for leave to proceed *in forma pauperis*, ECF No. 3, and a motion for a preliminary injunction and temporary restraining order, ECF No. 4. For the reasons stated below, the Court will GRANT the motion for leave to proceed *in forma pauperis*, DENY the motion for a preliminary injunction and temporary restraining order, and direct Gavigan to file an amended complaint if she wishes to purse this action.

---

[1] The Court recognizes that Gavigan appears to be referring to the Western Massachusetts Regional Women's Correctional Center rather than the Western Regional Women's Correctional Facility.

I. **Motion for Leave to Proceed** *in Forma Pauperis*

Upon review of Gavigan's motion for leave to proceed, the Court finds she has sufficiently shown that she is unable to pay the $405 filing fee. Accordingly, the Court GRANTS her motion to proceed *in forma pauperis*.

II. **Review of the Complaint**

Gavigan's complaint is subject to an initial screening under 28 U.S.C. § 1915(e)(2), which provides for the preliminary screening of a complaint filed by a plaintiff who is proceeding *in forma pauperis*. Under this statute, the court may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be given, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes Matos's pleading because she is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

A. **Statement of the Claim**

Gavigan alleges that "[b]etween September 12, 2022, and November 19, 2024, [she] was unlawfully detained, falsely arrested, and deprived of her rights by the Defendants." Compl. at 9 ¶ 15. According to Gavigan, "[t]hese actions included wrongful detention, false arrest, and obstruction of [her] access to justice." *Id.* at 9-10 ¶ 15.

1. **Milford Regional Medical Center**

Gavigan claims that MRMC violated her rights to "medical autonomy be refusing to respect her decision not to wear a mask, subject her to harassment, and unlawfully calling the police on her without cause, in violation of First Amendment rights to medical decisions."

Comp. at 7 ¶ 1. She claims this conduct violated her rights under the First and Fourth Amendments. *Id.*

### 2.    Milford Police Department

Gavigan claims that the MPD "robbed [her] of her cell phone and Constitutional posters without a warrant," in violation of the Fourth Amendment." *Id.* ¶ 2. She further alleges that MPD "failed to provide a magistrate's hearing after arresting [her], in violation of "Fourth Amendment rights to a prompt judicial determination of probable cause" and state law. *Id.* Gavigan all asserts that MPD "willfully made false statements and failed to collect key evidence referenced in their reports, violating Fifth Amendment rights to due Process." *Id.* According to Plaintiff, MPD "charged [her] multiple times without cause, without an injured party, or a complaining party," in violation of her rights under the Fourth and Fifth Amendments." *Id.* at 10 ¶ 16.

### 3.    Milford District Courthouse

Gavigan alleges that the Milford District Courthouse "engaged in unlawful actions including harassment, assault, batter, and stalking." *Id.* at 7 ¶ 3. She also claims that this defendant "unlawfully shackled, cuffed, and trafficked [her] to jail without legal basis, depriving her of her Fourth and Eighth Amendment rights to due process and protection from cruel and unusual punishment." *Id.* Gavigan further alleges that the Milford District Courthouse "slandered and defamed hi by calling her a 'sovereign citizen' when she invoked her Constitutional rights and clarified her non-citizen national status," in violation of her First Amendment rights. *Id.* at 7-8 ¶ 3. Milford District Courthouse also allegedly unlawfully used Gavigan's Social Security number "against her will, [and] for profit, and violated her federal and state rights because it "failed to read [Gavigan] her Miranda rights upon arrest and did not take

her to a magistrate's hearing." *Id.* ¶¶ 7, 8.  Milford District Courthouse allegedly "refused to provide [her] evidence . . . for her defense while she was representing herself." *Id.* at 9 ¶ 9.

### 4. Western Regional Women's Correctional Facility

Gavigan alleges that WCC "unlawfully obtained and used [her] Social Security number against her will, for profit, depriving [her] of her Fifth Amendment right to protection against the unlaw use of personal information." *Id.* at 8 ¶ 4.  She further alleges that "the facility placed biological men in the same facility as biological women, creating a dangerous environment, forcing [her] into solitary confinement for protection." *Id.*  Gavigan asserts that WCC violated her rights under the Fourth and Eighth Amendments by "subject[ing] [her] to medical testing, fingerprinting against her will, [and] threatening her with torture if she did not comply." *Id.* ¶ 6.  She also alleges that WCC "provided a used razor to [her], failed to provide clean drinking water or adequate hygiene products." *Id.* at 9 ¶ 10.

Gavigan further claims that correction officers at WCC "threatened and coerced [her] into taking an attorney and not pursuing a federal case against the Defendants, interfering with her First Amendment rights to petition the government and obstructing her ability to freely pursue legal action." *Id.* at 10 ¶ 17.  WCC allegedly denied Gavigan "her right to represent herself, access to the law library, hone that dial out, legal forms, legal assistance, and the right to petition the government." *Id.* at 9 ¶ 11.

### 5. Uxbridge Courthouse

Gavigan alleges that the Uxbridge Courthouse "unlawfully threated [her] to stop pursuing a federal case against the police, refused to provide evidence, and denied her the right to file complaint." *Id.* ¶ 5.  She also claims that the prosecutor "refused to communicate with her, depriving her of the right to participate in her legal defense," in violation of the First and

4

Fourteenth Amendments." *Id.* In addition, Gavigan alleges that the Uxbridge Courthouse "attempted to entrap the Plaintiff by issuing a probation violation without cause, based on vague and unspecific conditions," in violation of her rights under the Fifth and Fourteenth Amendments." *Id.* According to Gavigan, the "Uxbridge Courthouse attorney" called her a "'sovereign citizen' and forced a joinder in a manner that violated [her] rights to self-representation." *Id.* at 9 ¶ 13. Uxbridge District Courthouse also allegedly unlawfully used Gavigan's Social Security number "against for will, [and] for profit." *Id.* at 8 ¶ 7.

### B. Relief Sought

Within the complaint, Gavigan asks for a preliminary injunction "to prevent further violations of her constitutional rights by the Defendants, specifically requesting that Defendants cease their unlawful practices of harassment, coercion, false imprisonment, and other violations. *Id.* at 10 ¶ 19. In addition, Gavigan seeks a temporary restraining order "to ensure she is not unlawfully jailed again, and to prevent any further action by the Defendants that would impede her ability to defend herself in future legal proceedings." *Id.* ¶ 20. Gavigan also seeks damages. *Id.* at 11.

### C. Discussion

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). The overlapping purposes of this rule are to "protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him," *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(stating that the "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))), and to show that relief is available under the alleged facts.

In evaluating the sufficiency of the complaint, the court only considers "well-pleaded" factual allegations. In other words, factual allegations that consist merely of "labels and conclusions" are not credited. *Twombly*, 550 U.S. 544, 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Further, the well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is considered "plausible" when the plaintiff's non-conclusory factual allegations, treated as true, allows the court to reasonably infer that the defendant is liable to the plaintiff.

    1.    18 U.S.C. § 241

Gavigan cannot state a claim under 18 U.S.C. § 242 under any set of alleged facts. This statute makes it a crime for a person acting under of color of law to willfully deprive another person of their federal rights, but it does not provide a private right of action. In other words, the statute allows federal prosecutors to bring criminal charges against an individual, but it does not permit a private citizen to bring an action against an individual who violates this law. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

## 2. WCC and Courthouse Defendants

Gavigan has failed to state a claim upon which relief may be granted against the Uxbridge Courthouse and the Milford District Courthouse because these they are simply buildings rather than suable entities. Thus, the Court will treat claims against these defendants as claims against the Uxbridge Court and the Milford Court. Similarly, WCC is a building rather than a suable entity, operated by the Hampden County Sheriff's Office ("HCSO"). Despite the geographical designations of these defendants, they are all arms of the Commonwealth.[2]

### a. Section 1983 Claims

Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any [federal rights], shall be liable to the party injured." 42 U.S.C. § 1983. The text of § 1983 "makes clear that [it] . . . protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024). In addition, "only those individuals who participated in the conduct that deprived the plaintiff of [her] rights can be held liable [in a § 1983 action]." *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005).

Certain defendants are not subject to suit under § 1983. By definition, a state is not considered to be a "person" who can be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This means that any § 1983 claims against the Uxbridge Court, the Milford Court, and WCC/HCSP fail to state a claim for relief—whether the claim is raised in

---

[2] The history of the transfer of power of sheriff's offices to the Commonwealth is summarized *in Pearson v. Sheriff of Bristol County*, 489 Mass. 691, 692-94 (2022).

a federal or state court. Notwithstanding, individuals working within these building who were acting under color of state claim are subject to suit under § 1983.

### b.     Eleventh Amendment Immunity

Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. *See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).[3] ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity). Here, Gavigan has not stated any claim against Uxbridge Court, the Milford Court, or WCC/HCSP for which the Congress has abrogated, or the Commonwealth has waived, their immunity.

### c.     Judicial and Prosecutorial Immunity

To the extent that Gavigan means to bring claims against any judge or prosecutor at the Uxbridge or Milton Court (rather than the court itself) she has failed to state a claim upon which relief may be granted.

Judges and prosecutors and largely immune from suit, even if they allegedly acted under state law and violated the federal rights of a plaintiff. However, judges have absolute immunity "from liability for damages for acts committed within their judicial jurisdiction . . . even when

---

[3] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." *Va. Off. For Prot.*, 563. U.S. at 253.

8

the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Further, injunctive relief against judges is available only where "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Neither circumstance exists under the alleged facts.

In addition, prosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial conduct protected by absolute immunity includes the initiation of a prosecution, the presentation of the State's case, and even the knowing use of false testimony at trial. *See Imbler*, 424 U.S. at 430-31. A prosecutor's alleged failure to properly investigate before initiating a prosecution is also conduct within the scope of absolute immunity. *See Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003); *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1992); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989).

### 3. Milford Police Department

Milford Police Department is not a suable entity because it does not have a legal identify separate than that of the Town of Milford. As set below, the Court will give Gavigan the opportunity to file an amended complaint. Should she choose to bring claims concerning the conduct of the Milford Police Department as a whole, she must name the Town of Milford as the defendant for such claims.

Further, a municipality be held liable under § 1983 only if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Consenza v. City of Worcester*, 120 F.4th 30, 39 (2024) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Municipalities "'are responsible only for their own unconstitutional acts,' and 'are not vicariously liable . . . for the actions of their non-policymaking employees.'" *Id.* (omission in original) (quoting *Bannon v. Godin*, 99 F.4th 63, 88 (1st Cir. 2024)). "Instead, a plaintiff 'must prove that 'action pursuant to official municipal policy' caused their injury.'" *Id.* (quoting *Connick*, 563 U.S. at 60). Examples of "official municipal policies" include "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (quoting *Connick*, 563 U.S. at 60).

Thus, if Gavigan wishes to bring a § 1983 claim against the Town of Milford, she must allege facts which, treated as true, allow the Court to infer that "an official municipal policy" was the "moving force" behind alleged constitutional violations. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997). Here, the complaint does not contain any sufficient well-pleaded allegations that would allow the court to draw the reasonable inference that the Town could be liable to her. Rather, Gavigan's allegations are merely "labels and conclusions" or "naked assertions devoid of further factual enhancement."

### 4. Milford Regional Medical Center

It does not appear that MRMC can be held liability under § 1983 because there is no indication in the complaint that MRMC (or the entity responsible for its operations) was acting under color of state law. In other words, the Court cannot reasonably infer from Gavigan's allegations that MRMC was a state actor rather than the private organization it appears to be.

**III.     Motion for a Temporary Restraining Order/Preliminary Injunction**

Because the complaint fails to state a clam upon which relief may be granted, there is no basis on which the Court may issue a temporary restraining order or a preliminary injunction. Further, Gavigan's description of the injunctive relief she seeks is so vague that it would be impossible for the Court to issue an order for injunctive relief that would adequately "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C)

**IV.    Filing of an Amended Complaint.**

If Gavigan wishes to proceed with this lawsuit, she must file an amended complaint. The amended complaint must be consistent with the above discussion. This includes the requirement that a pleading give adequate notice to each defendant as to the claim against them and the alleged misconduct on which said claim rests. Gavigan should not rely on exhibits (paper or electronic) to state her claims. Exhibits are permitted, but are not required. Further, exhibits are not a substitute for including within the body of a complaint factual material that sets forth a claim upon which relief may be granted.

In addition, the amended complaint must comply with rules limiting the types of claims that can be raised in a single lawsuit. Where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). In other words, "[w]here a plaintiff brings claims against more than one defendant in a single lawsuit, plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed.).

Gavigan's complaint does not comply with this requirement.  There is no claim in the pleading that can be asserted against all the defendants.  For example, there is no suggestion that a claim concerning conditions of confinement WCC could be brought against the Town of Milford, even if there is a thread of indirect causation between the alleged wrongdoing between the two parties.

## V.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The motion for a temporary restraining order or a preliminary injunction is DENIED.

3. If Gavigan wishes to pursue this action, she must file an amended complaint in accordance with the above discussion.  Failure to do so within twenty-eight (28) days will result in dismissal of this action without prejudice.  The amended complaint will be subject to an initial screening and no defendant will be required to respond to the amended complaint unless ordered to do so by the Court.

**So Ordered.**

                                              /s/ Margaret R. Guzman
                                              MARGARET R. GUZMAN
                                              UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2025